# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:23-cv-765-MOC
# (3:19-cr-279-MOC-DCK-2)

| | |
|---|---|
| DONNA GRAVES, )  )  Petitioner, )  )  vs. )  )  UNITED STATES OF AMERICA, )  )  Respondent. )  ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. [Doc. 1], and on a Motion for Admission *Pro Hac Vice* filed by Petitioner's counsel [Doc. 2].

The Motion for Admission was filed by member in good standing of this Court, Andy C. Brooks, on behalf of Katryna Lyn Spearman, who is admitted to practice before, and is a member in good standing of, the bar of the highest court of the state of Georgia and regularly practices law there. [Docs. 2, 3]. Movant has paid the applicable fee. [Id.]; See LCvR 83.1(b), (c).

This Court's Local Rules provide for pro hac vice admission in a particular case by an attorney who is a member in good standing in the Bar of a United States District Court, the Bar of the highest court of any state or the District of Columbia. LCvR 83.1(b). Such a candidate for admission must associate local counsel and be accompanied by local counsel at all hearings unless otherwise permitted by the Court. Id. Special admissions are discretionary. See LCvR 83.1(c).

The Court will grant Petitioner's Motion for Admission. Counsel is admonished to become fully familiar with the rules and procedures of this Court. Should it appear to the Court that counsel

is not acting in compliance with the rules and procedures of this Court, the Court may revoke this special admission.

The Court has conducted an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C.A. foll. § 2255, and finds that: (1) the petition has been filed by counsel on Petitioner's behalf; (2) the petition appears to be timely; and (3) Petitioner has asserted a colorable claim for relief cognizable under § 2255(a). Upon consideration of the motion and the record of prior proceedings, the Court determines that the United States Attorney should file a response to Petitioner's allegations.

The Court will direct that the United States file an answer or other responsive pleading to the Section 2255 Motion to Vacate within sixty (60) days. Petitioner may file a reply to the United States' response pursuant to Rule 5(d) of the Rules Governing Section 2255 Proceedings. The Court orders that any such reply must be filed within twenty-one (21) days of the filing of the United States' response.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion for Admission Pro Hac Vice [Doc. 2] is **GRANTED**.

2. The United States Attorney shall file an answer or other responsive pleading to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence no later than **sixty (60) days** from the date of this Order.

3. Any reply filed by Petitioner must be filed within **twenty-one (21) days** of the United States' response.

Signed: December 6,

Max O. Cogburn Jr
United States District Judge